UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Kevin J. Meehan,

                          Plaintiff,

                - against -

VIPKid; VIPKids International, Inc. aka VIPKid International, Inc. aka VIPKid; Beijing Dami Technology Co., Ltd. aka Beijing Da Mi Technology Co., Ltd. aka VIPKid; Beijing Dami Future Technology Co., Ltd. aka Beijing Da Mi Future Technology Co., Ltd.; Tencent Holdings Ltd.; Cloud & Smart Industries, Tencent Holdings Ltd. aka Cloud & Smart Industries at Tencent Holdings Ltd.; Tencent America LLC; Tencent Cloud LLC; China Renaissance Holdings Ltd. aka China Renaissance Securities aka China Renaissance; Sequoia Capital Operations LLC; VIPKID HK Limited; VIPKID Class HK Limited; and VIPTeach Inc.,

                          Defendants.

Case No.:

**<u>NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT</u>**

---

      **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEY(S) OF RECORD:**

      PLEASE TAKE NOTICE that Defendant VIPKid International, Inc. ("VIPKid International"), contemporaneously with the filing of this notice, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York. This action is subject to removal to this Court on the basis of jurisdiction pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1332(d), and more specifically, the following:

**I.    PROCESS, PLEADINGS, AND ORDERS**

      1.    On or around November 13, 2020, Plaintiff Kevin J. Meehan ("Plaintiff") commenced a civil action against VIPKid International (among others) in the Supreme Court of

the State of New York, County of Nassau, where the case was assigned Index No. 613283/2020. A true and correct copy of the Summons and Complaint, and all attached documents (State Court Doc. No. 1-7), are attached hereto as **Exhibit A**.

2. Plaintiff served VIPKid International with the Summons and Complaint on November 30, 2020. True and correct copies of Affidavits of Service reflecting service of the Summons and Complaint on VIPKid International on November 30, 2020 (State Court Doc. No. 8, 13, 14) are attached hereto as **Exhibit B.**

3. On December 8, 2020, Plaintiff again served VIPKid International with the Summons and Complaint, as well as additional exhibits to the Complaint that Plaintiff had not served on November 30, 2020. True and correct copies of Affidavits of Service reflecting service of the Summons and Complaint and exhibits on VIPKid International on December 8, 2020 (State Court Doc. No. 10-11, 14) are attached hereto as **Exhibit C**.

4. On December 14, 2020, Plaintiff filed an "Affidavit of Defendant VIPKid International Inc.'s Post-Service Conduct." (State Court Doc. No. 12.) A true and correct copy of the Affidavit is attached hereto as **Exhibit D**.

5. On December 15, 2020, Plaintiff filed an "Affidavit of Delivery of Initiating Documents to the New York Division of Corporations." (State Court Doc. No. 15.) A true and correct copy of the Affidavit is attached hereto as **Exhibit E**. Plaintiff also filed an "Affidavit of Deposits Made In An Official Depository Under The Exclusive Care And Custody Of The United States Postal Service For The Purpose Of Process Of Service On Defendants In This Action" (State Court Doc. No. 16) on that same date. A true and correct copy of that Affidavit is attached hereto as **Exhibit F**.

6.  Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders served upon VIPKid International in this action.

## II. VENUE

7.  Because the Supreme Court of the State of New York, County of Nassau, lies in the Eastern District of New York, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 112 and 1441(a).

## III. TIMELINESS

8.  This Notice of Removal is timely as it is being filed within 30 days of November 30, 2020, the date on which Plaintiff initially served VIPKid International with the Summons and Complaint (without the corresponding exhibits), and within 30 days of December 8, 2020, the date on which Plaintiff served VIPKid International with the Summons and Complaint, and corresponding exhibits. *See* 28 U.S.C. § 1446(b)(1).

## IV. CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

9.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one that VIPKid International may remove to the United States District Court pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441 and 1453 in that it is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

10. CAFA was enacted to expand federal jurisdiction over purported class actions. It provides that a defendant may remove a purported class action in accordance with 28 U.S.C. § 1446 if: (a) membership in the putative class is not less than 100; (b) any member of the plaintiff

class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000.00. 28 U.S.C. §§ 1332(d), 1453(b).

11.     As explained more fully below, this Court has original jurisdiction under CAFA over all claims brought by Plaintiff on behalf of himself and all members of the putative class. Because Plaintiff could have filed the action in this Court, VIPKid International may remove the case pursuant to 28 U.S.C. § 1441.

### A.     The Putative Class Contains At Least 100 Members

12.     CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

13.     Plaintiff seeks to represent "[a]ll current and former VIPKID Teachers," and asserts that the putative class consists of more than 100,000 individuals.[1]  (Compl., ¶¶ 378, 381.)  Plaintiff does not identify a specific beginning or end date for the putative class period, or specify whether he seeks to bring his claims on behalf of putative class members nationwide, or only within New York State.  However, several thousand individuals with New York State addresses have contracted with VIPKid HK Limited, VIPKid International's parent company, to receive access to the VIPKid platform as "teachers" between November 13, 2014 and the present.[2]  Accordingly, the putative class contains more than 100 members.

---

[1] Plaintiff purports to bring this case as a class action on behalf of himself and others allegedly similarly situated to him pursuant to New York Civil Practice Law and Rules ("CPLR") § 901 *et seq.* (Compl., ¶¶ 378, 391.)  This statute authorizes an action to be brought by one or more representative persons as a class action. As such, this action is properly considered a putative class action under CAFA.

[2] Plaintiff's claims for unpaid wages under the New York Labor Law ("NYLL") are subject to a six-year statute of limitations period.  *See* NYLL § 198 (3).

4

### B. CAFA's Minimal Diversity Requirement Is Satisfied

14. CAFA's minimal diversity requirement is satisfied, *inter alia,* when "any member of a class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

15. An individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile.").

16. In this case, Plaintiff alleges that he is a "domiciliary of Nassau County, where he was born and raised and from where he was worked for VIPKID." (Compl., ¶ 12.) Plaintiff further alleges that he is "an American citizen who was born and raised in Nassau County, New York and has remained a domiciliary of Nassau County and a citizen of the [S]tate of New York for his entire life." (*Id*. at ¶ 14.) Accordingly, Plaintiff is a citizen of New York State for purposes of diversity jurisdiction.

17. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). VIPKid International, Inc., a wholly-owned subsidiary of VIPKid HK Limited, is a privately held corporation incorporated in the State of Delaware, and it maintains its headquarters and its principal place of business in San Francisco, California, the location from which it manages, among other things, its primary administrative and financial functions. (Exhibit I, Steinberg Decl., ¶ 3); (Compl., ¶¶ 49-

5

50.) VIPKid International is therefore a citizen of Delaware and California, and not New York. 28 U.S.C. § 1332(c)(1). Accordingly, diversity of citizenship under CAFA exists.

      **C.**     **CAFA's "Amount In Controversy" Requirement Is Satisfied**

18. To meet CAFA's amount in controversy requirement, a defendant need only plausibly allege that the aggregated claims of the individual class members will exceed $5,000,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19. In his Complaint, Plaintiff asserts the following claims on behalf of himself and on behalf of "all current and former VIPKID Teachers": (i) fraud-in-the-inducement; (ii) common law fraud; (iii) unlawful deceptive acts or practices in violation of New York General Business Law § 349; (iv) violations of the New York Civil Rights Law §§ 50-51; (v) conspiracy; (vi) unjust enrichment; (vii) wage and hour violations under the federal Fair Labor Standards Act ("FLSA") 28 U.S.C. §§ 201 et seq.; (viii) wage and hour violations under the NYLL; (ix) retaliation in violation of NYLL § 215; and (x) whistleblower retaliation in violation of NYLL § 740.

20. Although VIPKid International denies Plaintiff's claims, and denies that Plaintiff and putative class members are entitled to any relief, the damages claimed clearly exceed the jurisdictional minimum.

21. As an initial matter, Plaintiff expressly asserts that he seeks to recover at least *$12,794,000* in damages in this matter. (Compl., ¶ 9.) In addition, Plaintiff estimates that he is entitled to recover at least *$2,000* in economic and non-economic damages for *each class* that he taught using the VIPKid platform. (*Id.*) Teachers with New York State addresses have taught more than *200,000* classes using the VIPKid platform between November 13, 2019 and the present. Accordingly, even (i) assuming that Plaintiff only seeks to represent teachers in New York State,

(ii) applying a *one year* statute of limitations period to *all* of Plaintiff's claims (as opposed to the broader limitations periods that govern many of Plaintiff's claims, including the six year limitations period that applies to his claims for unpaid wages under the NYLL),[3] and (iii) assuming $50.00 in damages per class (a ***97.5%*** reduction from Plaintiff's estimate of $2,000 in damages per class), Plaintiff's claims place more than $10,000,000.00 in controversy.

22.     Accordingly, without admitting any liability, the same being expressly denied, the recovery sought in the Complaint exceeds the sum of $5,000,000.00, exclusive of interest and costs.

### D.     Procedural Requirements

23.     In accordance with 28 U.S.C. §1446(d), a true and correct copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit G**. This Notice to State Court, along with the Notice to Adverse Party and this Notice of Removal, will be filed in the Supreme Court of the State of New York, County of Nassau, where this action was filed and has been pending.

24.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice to Adverse Party is attached hereto as **Exhibit H**. This Notice to Adverse Party, along with the Notice to State Court of Filing of Notice of Removal and this Notice of Removal, will be served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

---

[3] Plaintiff's claims for fraud in the inducement, common law fraud, unjust enrichment, and unpaid wages under the NYLL are subject to a six year statute of limitations period. *See* CPLR 213(2); 213(8); NYLL § 198(3). Plaintiff's claim for unlawful deceptive acts or practices in violation of New York General Business Law § 349 is subject to a three year statute of limitations period. *See* CPLR 214(2). Plaintiff's claim for violations of the New York Civil Rights Law §§ 50-51 is subject to a one year statute of limitations period. *See* CPLR 215(3). Plaintiff's claims for retaliation in violation of NYLL § 215 and NYLL § 740 are subject to a two and one year statute of limitations period, respectively. *See* NYLL § 215 and NYLL § 740. Plaintiff's claims under the FLSA are subject to either a two or three year (for willful violations) limitations period. *See* 29 U.S.C. § 255.

## V. CONCLUSION

25. Having fulfilled all statutory requirements, VIPKid International hereby removes this action from the Supreme Court of the State of New York, County of Nassau, to this Court and requests that the Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

Dated: December 30, 2020    EPSTEIN BECKER & GREEN, P.C.
New York, New York

  */s/ Kevin R. Vozzo*
Kevin R. Vozzo
Michael L. Lynch
875 Third Avenue
New York, NY 10022
Tel: 212.351.4500
kvozzo@ebglaw.com
mllynch@ebglaw.com

*Attorneys for Defendant VIPKid International, Inc.*