```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
KEVIN J. MEEHAN,

                  Plaintiff,
                                              ADOPTION ORDER
         -against-                            20-CV-6370(JS)(AKT)

VIPKID; VIPKIDS INTERNATIONAL, INC.,
aka VIPKID, aka VIPKID INTERNATIONAL, INC;
BEIJING DAMI TECHNOLOGY CO., LTD.,
aka BEIJING DA MI TECHNOLOGY CO., LTD.,
aka VIPKID;
BEIJING DAMI FUTURE TECHNOLOGY CO., LTD.,
aka BEIJING DA MI FUTURE TECHNOLOGY CO., LTD.;
TENCENT HOLDINGS LTD.;
CLOUD & SMART INDUSTRIES,
TENCENT HOLDINGS LTD.,
aka CLOUD & SMART INDUSTRIES AT
TENCENT HOLDING LTD.;
TENCENT AMERICA LLC;
TENCENT CLOUD LLC;
CHINA RENAISSANCE HOLDINGS LTD.,
aka CHINA RENAISSANCE SECURITIES,
aka CHINA RENAISSANCE;
SEQUOIA CAPITAL OPERATIONS LLC;
VIPKID HK LIMITED; VIPKID CLASS HK LIMITED;
and VIP TEACH INC.,

                  Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Lakshmi Gopal, Esq.
                    Muciri PLLC
                    43 West 43rd Street, Suite 226
                    New York, New York  10025

For VIPKid          Andrew P. Marks, Esq.
Defendants:[1]      Dorf & Nelson LLP
                    555 Theodore Fremd Avenue
                    Rye, New York  10580
```

---

[1]  The defendants labeled the "VIPKid Defendants" include: VIPKid International, Inc.; Beijing Dami Technology Co., Ltd.; VIPKID HK Limited; VIPKid Class HK Limited; and VIPTeach Inc.  (See ECF No. 59 at 3.)

| | |
|---|---|
| For Tencent Defendants:[2] | Jay P. Pomerantz, Esq.<br>Katherine Anne Marshall, Esq.<br>Fenwick & West LLP<br>801 California Street<br>Mountain View, California  94041 |
| | Richard Francis Hans, Esq.<br>Neal F. Kronley, Esq.<br>DLA Piper LLP<br>1251 Avenue of the Americas<br>New York, New York  10020 |

SEYBERT, District Judge:

Plaintiff Kevin J. Meehan ("Plaintiff"), individually and on behalf of all others similarly situated, commenced this putative class and collective action in New York State court against the VIPKid Defendants, the Tencent Defendants, and others (collectively, the "Defendants"), claiming the Defendants, who are allegedly related to or in affiliation with each other, violated provisions of the New York Labor Law and the Federal Labor Standards Act, inter alia. (See Compl., ECF No. 1-1.)  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), Defendant VIPKid International, Inc. ("VIPKid Int'l") removed this action to the Eastern District of New York.  (See Notice of Removal, ECF No. 1.)  Plaintiff moved to remand the action back to state court (hereafter, the "Remand Motion").  (See ECF No. 46; see also Feb. 18, 2021 Elec. Scheduling Order.)

---

[2] The defendants labeled the "Tencent Defendants" include: Tencent Holdings, Ltd.; Cloud & Smart Industries; Tencent America LLC; and Tencent Cloud LLC.  (See ECF No. 59 at 3.)

By Report and Recommendation dated August 27, 2021, Magistrate Judge A. Kathleen Tomlinson recommended that the Court deny Plaintiff's Remand Motion (hereafter, the "R&R"). (See ECF No. 54.) Plaintiff timely filed a purported objection (hereafter, "Objection") (see ECF No. 58), to which the VIPKid Defendants and Tencent Defendants jointly filed a response (hereafter, "Response") (see ECF No. 59). For the following reasons, Plaintiff's Objection is OVERRULED, the R&R is ADOPTED, and Plaintiff's Remand Motion is DENIED.

## BACKGROUND

I. Facts

The Court presumes the parties' familiarity with the facts as set forth in the R&R and recites only those necessary to adjudicate the Remand Motion. (See R&R at 3-5.) By way of brief background, "Defendants are affiliated with or responsible for operating VIPKid, an online education platform which facilitates the instruction of English language skills by teachers from the United States and Canada to students in China." (Id. at 3.) According to Plaintiff's Complaint: VIPKid's operation connects approximately 700,000 students with more than 100,000 teachers; the VIPKid enterprise is New York-based and its services are provided by entities domiciled in New York; and Plaintiff is a New York resident who contracted with VIPKid to teach English to children in China. (See id.) Plaintiff worked for VIPKid for

four years but was denied advancement opportunities and was terminated after complaining about conditions of his employment. (See id.; see also id. at 5.)

II.  Procedural History and the R&R

Plaintiff initiated this action in State Court on November 13, 2020; it was removed to this Court on December 30, 2020 by Defendant VIPKids Int'l.  Various Defendants moved for pre-motion conferences (hereafter, the "PMCs") in anticipation of filing dismissal motions.  (See R&R at 5-6.)  In opposing the PMCs, Plaintiff indicated he was seeking remand of this action back to State Court; he attached his Remand Motion to his opposition.  (See id.; see also ECF Nos. 36 & 36-1.)  To efficiently and expeditiously manage the action, this Court denied the various PMCs "as premature and without prejudice to renew pending the final determination of the Remand Motion" and established a briefing schedule for the Remand Motion.  (R&R at 7 (quoting Feb. 18, 2021 Elec. Scheduling Order).)

On May 5, 2021, the Court referred the fully-briefed Remand Motion to Magistrate Judge Tomlinson.  (See May 5, 2021 Elec. Referral Order.)  On August 27, 2021, the Magistrate Judge issued her R&R, recommending: (1) finding Defendants have met their burden for establishing that CAFA jurisdiction exists (see R&R at 17-19); (2) finding Plaintiff has failed to establish any exceptions to CAFA jurisdiction exist (see id. at 19-22); and (3)

declining to abstain from exercising jurisdiction over this action pursuant to Burford v. Sun Oil, 319 U.S. 315 (1943) or Railroad Commissioner of Texas V. Pullman, 312 U.S. 496 (1941) (see id. at 22-24). In sum, Magistrate Judge Tomlinson recommends this Court deny Plaintiff's Remand Motion. (See id. at 24.)

## DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); see also Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin., 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), aff'd sub nom Seck v. Office of Court Admin., 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and

clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. Owusu, 655 F. Supp. 2d at 312-13; see also Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

II. Analysis

As an initial matter, the Court observes that Plaintiff's Objection is far from the exemplar of clarity; indeed, it appears internally inconsistent.[3] Plaintiff's single purported objection is focused upon the Magistrate Judge's finding of numerosity for CAFA jurisdictional purposes, i.e., that "there is reasonable probability that the class size is greater than 100, which is all that CAFA requires." (R&R at 18-19.[4]) However, that

---

[3] Similarly, in her discussion addressing the existence of CAFA jurisdiction, Magistrate Judge Tomlinson underscores the inconsistencies in Plaintiff's position regarding the numerosity component of the CAFA jurisdiction analysis. (See R&R at 17-19.)

[4] The Magistrate Judge noted:

> Plaintiff does not advance arguments which address the other elements of CAFA jurisdiction, namely, whether the amount-in-controversy exceeds $5,000,000 and whether minimal diversity exists. As such, those elements are not considered by the Court here. However, even if Plaintiff's motion could be construed to make such an argument, the Court finds that both requirements are satisfied.

finding was based upon the facts alleged in Plaintiff's Complaint, together with a declaration submitted by Defendants "which states that since 2016, VIPKid HK contracted with more than 200,000 teachers to provide English language services to Children in China." (Id. at 18 (citation omitted).) Moreover, in making her numerosity finding, Magistrate Judge Tomlinson specifically rejected Plaintiff's challenge to CAFA jurisdiction because he "proffers no evidentiary support contradicting Defendants' factual statement concerning this number," specifically highlighting "this argument also contradicts the Complaint". (Id. (footnote omitted).) Here, to the extent Plaintiff's numerosity argument is an objection, see infra, it is no more than a rehashing of his original argument, which the Magistrate Judge properly rejected. (See Objection at 2 (referring the Court to Plaintiff's Reply (ECF No. 49) to Defendants' Response to the Remand Motion); see id. at 4 ("Plaintiff directs the Court to [ECF No.] 49 at 1 for a summary of Plaintiff's arguments on remand"); see also id. at 4 n.3 (same).) As such, the CAFA jurisdiction analysis is reviewed for clear error; the Court finds none.

Plaintiff does not advance any other grounds for objecting to the R&R. The Court is not required to review the

---

Plaintiff seeks damages of approximately $13 million and minimal diversity exists.

(R&R at 19 n.6.) Plaintiff does not object to that finding.

factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In any event, while Plaintiff contends that his allegations could equally support a putative class of greater than or less than 100, he nonetheless "does not contest the Court's finding that there is a reasonable probability that the class size is greater than 100, to the extent that the finding relies on VIPKID social media presence." (Objection at 3-4.) Nor, in the end, does Plaintiff challenge Magistrate Judge Tomlinson's ultimate recommendation. (See id. at 4 ("Plaintiff files these objections to avoid waiving them, without challenge to the outcome of the Court's Report and Recommendation." (emphasis added)).)

## CONCLUSION

Accordingly, in the absence of clear error, IT IS HEREBY ORDERED that Plaintiff's Objection is OVERRULED, the R&R (ECF No. 54) is ADOPTED in its entirety, and Plaintiff's Remand Motion (ECF No. 46) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  21 , 2021
       Central Islip, New York