# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kevin Meehan, | |
| Plaintiff, | |
| v. | |
| VIPKID aka BEIJING DAMI TECHNOLOGY CO., LTD., VIPKID HK LTD. aka VIPKID, BEIJING DAMI FUTURE TECHNOLOGY CO. LTD. aka VIPKID, TENCENT HOLDINGS LTD. aka TENCENT, TENCENT AMERICA L.L.C. aka TENCENT, TENCENT CLOUD L.L.C., SEQUOIA CAPITAL OPERATIONS L.L.C. aka SEQUOIA CAPITAL, CHINA RENAISSANCE HOLDINGS LTD. Aka CHINA RENAISSANCE, and VIPKID INTERNATIONAL, INC. aka VIPKIDS INTERNATIONAL, INC. aka VIPKID., | Case No.  2:20-cv-06370-JS-AKT |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF SEQUOIA CAPITAL OPERATIONS, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.   PRELIMINARY STATEMENT ..................................................................1

II.  THE FAC'S LIMITED ALLEGATIONS REGARDING SEQUOIA CAPITAL ..............3

III. ARGUMENT ....................................................................................4

    A.   The Court Lacks Personal Jurisdiction over Sequoia Capital ................................4

        1.   New York's Long-Arm Statute Does Not Support Personal Jurisdiction over Sequoia Capital ................................5

        2.   Assertion of Personal Jurisdiction over Sequoia Capital with Respect to These Claims Would Violate Due Process ................................6

    B.   The FAC, Read Charitably, Fails to State a Plausible Claim Against Sequoia Capital ................................7

        1.   The Named Sequoia Capital Entity Is Not (and Cannot Be) Alleged to Have Had Any Involvement with VIPKid ................................7

        2.   Plaintiff Is Not Alleged to Have Had Any Interaction with Sequoia Capital ................................8

        3.   None of the FAC's Seven Claims Can Apply to Sequoia Capital ..............8

            (a)   Plaintiff Fails to State Fraud Claims Against Sequoia Capital ................................9

            (b)   Plaintiff Fails to State a Conversion Claim Against Sequoia Capital ................................10

            (c)   Plaintiff Fails to State an Unfair Business Practices Claim Against Sequoia Capital ................................11

            (d)   Plaintiff Fails to State Employment-Related Claims Against Sequoia Capital ................................12

    C.   Further Leave to Amend Would Be Futile ................................13

IV.  CONCLUSION ................................................................................14

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alzheimer's Disease Res. Ctr., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*,
  981 F. Supp. 2d 153 (E.D.N.Y. 2013) ................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................ 7

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
  171 F.3d 779 (2d Cir. 1999) ............................................. 4

*BCRS1, LLC, v. Jacob Unger*,
  2021 WL 3667094 (E.D.N.Y. Aug. 18, 2021) ........................ 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................ 7

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007) ........................................... 5, 6

*Carter v. Dutchess Cmty. Coll.*,
  735 F.2d 8 (2d Cir. 1984) ............................................... 13

*Chloe v. Queen Bee of Beverly Hills, LLC*,
  616 F.3d 158 (2d Cir. 2010) ........................................... 5, 7

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
  2018 WL 1513628 (E.D.N.Y. Mar.  27, 2018) ................... 12, 13

*Crigger v. Fahnestock & Co.*,
  443 F.3d 230 (2d Cir. 2006) ............................................. 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ........................................................ 6

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*,
  375 F.3d 168 (2d Cir. 2004) ............................................. 9

*Fischkoff v. Iovance Biotherapeutics, Inc.*,
  339 F. Supp. 3d 408 (S.D.N.Y. 2018) ................................. 11

*Hunter v. Deutsche Lufthansa AG*,
  863 F. Supp. 2d 190 (E.D.N.Y. 2012) ................................. 13

*Jean-Louis v. Carrington Mortg. Servs.*,
  2020 WL 1042644 (E.D.N.Y. Mar. 4, 2020) .......................... 6

*Jian Ping Lin v. Monda Window & Door Sys. Inc.*,
  2018 WL 4403384 (E.D.N.Y. Aug. 7, 2018) .......................... 13

*Johnson v. JPMorgan Chase Bank, N.A.*,
  488 F. Supp. 3d 144 (S.D.N.Y. Sept. 21, 2020) ................... 12

*Lehigh Val. Indus., Inc. v. Birenbaum*,
  527 F.2d 87 (2d Cir. 1975) ............................................... 5

*Levy v. Maggiore*,
  48 F. Supp. 3d 428 (E.D.N.Y. 2014) ................................... 9

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) ........................................... 13

*Morangelli v. Chemed Corp.*,
  922 F. Supp. 2d 278 (E.D.N.Y. 2013) ............................ 12, 13

*Moses v. Martin*,
　360 F. Supp. 2d 533 (S.D.N.Y. 2004)................................................................. 10
*Nastasi v. Lari*,
　2017 WL 943935 (E.D.N.Y. March 9, 2017) ....................................................... 13
*Perri v. Bloomberg*,
　2012 WL 3307013 (E.D.N.Y. Aug. 13, 2012) ..................................................... 14
*Rajaratnam v. Motley Rice, LLC*,
　449 F. Supp. 3d 45 (E.D.N.Y. 2020) .................................................................. 14
*Reis, Inc. v. Spring11 LLC*,
　2016 WL 5390896 (S.D.N.Y. Sept. 26, 2016) ..................................................... 11
*Rivas v. Hershey Co.*,
　2020 WL 4287272 (E.D.N.Y. July 27, 2020) ...................................................... 11
*Teri v. Spinelli*,
　980 F. Supp. 2d 366 (E.D.N.Y. 2013) ................................................................ 12
*Vasile v. Dean Witter Reynolds*,
　20 F. Supp. 2d 465 (E.D.N.Y. 1998) .................................................................... 9
*Walden v. Fiore*,
　134 S. Ct. 1115 (2014) ........................................................................................... 7
*Wego Chem. & Mineral Corp. v. Magnablend Inc.*,
　945 F. Supp. 2d 377 (E.D.N.Y. 2013) .................................................................. 4
*Woods v. Maytag Co.*,
　2010 WL 4314313 (E.D.N.Y. Nov. 2, 2010) ...................................................... 12
*Zibiz Corp. v. FCN Tech. Sols.*,
　777 F. Supp. 2d 408 (E.D.N.Y. 2011) ................................................................. 6

**Statutory Authorities**
29 U.S.C. § 203(d) .................................................................................................. 12
N.Y. Civ. Prac. L. & R. § 302(a) ............................................................................. 5
N.Y. Gen. Bus. Law § 349 ...................................................................................... 11
N.Y. Gen. Bus. Law § 350 ...................................................................................... 11

**Rules and Regulations**
Fed. R. Civ. P. 9(b) .................................................................................................. 9
Fed. R. Civ. P. 12(b)(2)........................................................................................ 1, 4
Fed. R. Civ. P. 12(b)(6)........................................................................................ 4, 7

**MEMORANDUM OF LAW IN SUPPORT OF SEQUOIA CAPITAL OPERATIONS,
LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO
FEDERAL RULES 12(B)(2) AND 12(B)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6), Defendant Sequoia Capital

Operations, LLC, ("Sequoia Capital") respectfully submits this memorandum of law in support

of its motion to dismiss Plaintiff Kevin Meehan's First Amended Complaint (the "FAC") as to

Sequoia Capital for (i) lack of personal jurisdiction; and (ii) failure to state a claim upon which

relief can be granted.  For the reasons set forth below, any further leave to amend with respect to

Sequoia Capital would be futile.  Therefore, Sequoia Capital respectfully requests that the claims

against it be dismissed with prejudice.

## I.      PRELIMINARY STATEMENT

This is a putative class action brought by an individual plaintiff, Kevin Meehan, against

VIPKid, the online education company that employed him as a teacher.  Sequoia Capital is a

California-based parent of certain funds that were outside investors in VIPKid.  After two

pleading attempts, it is now clear that Plaintiff has no basis to include Sequoia Capital as a

defendant in this employment dispute.  Although Plaintiff advances a number of fraud,

conversion, unjust enrichment, and employment-based theories against VIPKid,[1] none of these

sensibly apply to Sequoia Capital.  Sequoia Capital is not alleged to have had contact with

Plaintiff or any other putative class member.  And there are no facts alleged that could result in

Sequoia Capital being liable to Plaintiff or similarly-situated teachers on any recognized theory.

---

[1] Plaintiff occasionally uses "VIPKid" to refer to all Defendants lumped together.  *See*
FAC ¶ 5.  However, only four of the defendants are alleged "openly [to] do business as VIPKid":
Beijing Dami Technology Co., Ltd., VIPKid HK Limited, Beijing Dami Future Technology Co.,
Ltd., and VIPKid International, Inc.  *See id.* ¶¶ 53-61.  For simplicity, this memorandum refers to
those four Defendants only as "VIPKid."

Plaintiff's latest effort to state a claim against Sequoia Capital involves the unfounded allegation that Sequoia Capital is a "Mastermind Defendant," allegedly liable to VIPKid teachers because it "played an active and key role" in what Plaintiff calls the "VIPKid Scheme." The "VIPKid Scheme," according to Plaintiff, involves "trick[ing] American teachers" and "harvest[ing]" their biometric data. Creative labels aside, nowhere does the FAC allege facts showing that Sequoia Capital communicated with teachers, lured them to VIPKid, harvested their data, schemed with others, or even invested in VIPKid (it did not do even that). Nor does Plaintiff allege facts to support the rote conclusion that Sequoia played an "active and key role," or participated in any way in the "VIPKid Scheme." And, in asserting that Sequoia Capital "deliberately omitt[ed] material facts to usurp public trust," nowhere does Plaintiff identify any statements Sequoia made from which facts could be "omitt[ed]," apart from a smattering of general and out-of-context quotations referencing the Sequoia Capital funds' investments.[2]

Plaintiff's second effort to state a claim against Sequoia Capital confirms the Court should dismiss Plaintiff's claims on two separate and independent grounds. First, the Court lacks personal jurisdiction over Sequoia Capital, which is not based in New York and has no New York connection relevant to this lawsuit. Declaration of Robin Chang ("Chang Decl.") Decl. ¶¶ 3-7. Second, it is by now clear that Plaintiff cannot state any claim against Sequoia Capital. Indeed, the FAC continues to lack facts or a coherent theory that could extend liability for

---

[2]   Plaintiff includes quotations from certain of Sequoia Capital's partners in his Complaint, citing broadly to "ECF 44," which is his letter response to Docket 40 (Sequoia Capital's letter requesting a pre-motion to dismiss conference). Two quotations apparently come from a Sequoia Capital blog post titled "How Does Sequoia Invest?" that discusses Sequoia Capital's investment strategy without mentioning VIPKid. The third is from an unknown source. (ECF 44 cites "EXHIBIT L" for this statement, but no such exhibit is attached to Docket 44. If Plaintiff meant to reference "Exhibit L" attached to Docket 43, there are no direct quotes from any Sequoia speaker, and certainly no actionable statements, in that exhibit either).

Plaintiff's employment-related or other grievances to a parent of certain outside investment funds. Because the defects as to Sequoia Capital are incurable and have persisted for more than a year, the Court should deny further leave to amend and should dismiss Sequoia Capital with prejudice.

## II.   THE FAC'S LIMITED ALLEGATIONS REGARDING SEQUOIA CAPITAL

Plaintiff Meehan worked as a teacher for VIPKid, an education technology brand.[3] FAC ¶ 6, 11, 13. He proposes to represent a class of "all current and former VIPKid Teachers" in asserting fraud, conversion, unjust enrichment, and employment-based claims. *Id.* ¶¶ 109, 118-201. Central to his claims are allegations that Defendants "misus[ed] the VIPKid Platform for mass collection of personal data" in what Plaintiff terms a "VIPKid Scheme" designed to "trick American teachers" and "harvest[]" their biometric data. FAC ¶¶ 8-10.

Although Plaintiff calls Sequoia Capital a "Mastermind Defendant," no facts are alleged that show Sequoia Capital participated in, let alone "masterminded," any alleged wrongdoing. FAC ¶¶ 25, 43-49. Plaintiff alleges that Sequoia Capital "played an active and key role in developing VIPKid" and "contributed to the VIPKid Scheme by crafting a false Narrative that positioned VIPKid as [a] company seeking to connect people—deliberately omitting material facts to usurp public trust." *Id.* ¶¶ 43-45. But the FAC is devoid of facts showing conduct by Sequoia that was designed to mislead anyone. Instead, Plaintiff cites to three apparently publicly-available quotations (the sources are unclear) that generally describe Sequoia Capital's funds' investments. *Id.* ¶¶ 46-48. Not able to include any actionable facts, Plaintiff makes the

---

[3]   In his original Complaint, Plaintiff described VIPKid as a digital platform that connects English language teachers with Chinese students, *see* Compl. ¶ 6, 28; Plaintiff did not include a similarly concise description in the FAC.

hopeful (but inaccurate) assertion that "[d]iscovery will show that Sequoia [Capital] designed and implemented the VIPKid Narrative." *Id.* at ¶ 49.

## III.   <u>ARGUMENT</u>

Sequoia Capital moves to dismiss the FAC without leave to amend: (i) under Rule 12(b)(2) of the Federal Rules of Civil Procedure, because Plaintiff cannot establish personal jurisdiction over Sequoia Capital, and (ii) under Rule 12(b)(6), because Plaintiff has not stated a claim against Sequoia Capital upon which relief can be granted, defects that are incurable, rendering further amendment futile.

### A.   <u>The Court Lacks Personal Jurisdiction over Sequoia Capital</u>

Plaintiff's allegations against Sequoia Capital include one eleven-word sentence that attempts to provide a basis for personal jurisdiction: "Sequoia agents transact business in New York, actively searching for investments." FAC ¶ 70. This conclusory statement is not supported by any facts, and is contrary to the facts: Sequoia Capital is incorporated in Delaware and its headquarters are in California. Chang Decl. ¶ 3. It does not maintain physical premises in New York, own assets located in New York, have a telephone number in New York, or have any employees who have listed their primary addresses as New York. *Id*. ¶¶ 4-7. Sequoia Capital never negotiated or executed any contracts with VIPKid in New York. *Id*. ¶ 8. In fact, *Sequoia Capital has never invested directly in VIPKid* (and the two funds Sequoia Capital advises that *have* that invested in VIPKid lack any meaningful connection to New York). *Id*. ¶¶ 8-9.

It is settled that Plaintiff "bears the burden of establishing that the court has jurisdiction" over Sequoia Capital on a Rule 12(b)(2) motion to dismiss. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Plaintiff will not be able to

meet this requirement.  *See Wego Chem. & Mineral Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 381 (E.D.N.Y. 2013) (requiring a *prima facie* showing of jurisdiction through allegations, affidavits, and other supporting evidence); FAC ¶ 70.

Courts use a two-step analysis to determine whether personal jurisdiction exists over a non-domiciliary such as Sequoia Capital, first applying the forum state's long-arm statute, and then determining whether personal jurisdiction comports with due process.  *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010).  Both steps must be met, *id.* at 169, and neither is met here.

       1.    <u>New York's Long-Arm Statute Does Not Support Personal Jurisdiction over Sequoia Capital[4]</u>

New York's long-arm statute applies to a non-domiciliary party only if it: (1) transacts business in New York; (2) commits a tortious act in New York; (3) commits a tortious act causing injury to a person in New York if the party regularly does business in or expects or reasonably expects the act will have consequences in New York; or (4) owns or uses real property in New York.  CPLR § 302(a); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007) (listing bases for personal jurisdiction over non-domiciliaries).  The last three prongs can be quickly dismissed here; Sequoia Capital has not committed a tortious act in or directed at someone in New York nor does it own or rent property there.  *See* CPLR § 302(a); Chang Decl. ¶ 5.

---

[4]  Plaintiff's conclusory allegation that "[a]ctivities [were] conducted in the name of 'VIPKid' in New York State, by all defendants" is insufficient to satisfy jurisdictional requirements.  Sequoia is not VIPKid.  FAC ¶ 62.  And a "bland assertion" of conspiracy is insufficient to establish personal jurisdiction over Sequoia Capital under New York's long-arm statute.  *See Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93 (2d Cir. 1975) (affirming dismissal where the plaintiff failed to allege specific facts connecting the defendant with New York activity).

Sequoia Capital also has not transacted business in New York.  To "transact business," the party must commit "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State."  *Best Van Lines, Inc*., 490 F.3d at 244. Such activities should be conducted "not occasionally or casually, but with a fair measure of permanence and continuity," which may be shown if the defendant maintains an office, has bank accounts, lists a telephone number, solicits business, or has employees or agents in the state. *Zibiz Corp. v. FCN Tech. Sols*., 777 F. Supp. 2d 408, 416 (E.D.N.Y. 2011).  Investment in a company with New York operations, or having subsidiary funds that invest in a company with New York operations, is not a basis for personal jurisdiction.  *See Best Van Lines, Inc.,* 490 F.3d at 244 (2d Cir. 2007); Chang Decl. ¶¶ 8-9.  And Sequoia Capital does not have bank accounts, property, telephone numbers, or employees in New York.  *See Zibiz Corp.* 777 F. Supp. 2d at 416; Chang Decl. ¶¶ 4-7.

Because New York's long arm statute does not provide any basis for personal jurisdiction over Sequoia Capital, Sequoia Capital should be dismissed.

2.  <u>Assertion of Personal Jurisdiction over Sequoia Capital with Respect to These Claims Would Violate Due Process</u>

Dismissal of Sequoia Capital on personal jurisdiction grounds is also warranted because assertion of general or specific jurisdiction over Sequoia Capital would not comport with due process.  General jurisdiction rarely extends "beyond an entity's state of incorporation and principal place of business." *Jean-Louis v. Carrington Mortg. Servs*., 2020 WL 1042644 at *3 (E.D.N.Y. Mar. 4, 2020) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)).  The Court cannot exercise general jurisdiction over Sequoia Capital because New York is not its state of incorporation or its headquarters.  *Id.*; Chang Decl. ¶ 3.  Specific jurisdiction would also be

inappropriate because Sequoia Capital lacks minimum contacts with New York, and therefore requiring it to defend against a complaint in a New York court would be unreasonable. *See Chloe*, 616 F.3d at 164. Plaintiff cannot show any conduct by Sequoia Capital related to his allegations created a substantial connection between it and New York. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (exercising specific jurisdiction requires "the defendant's suit-related conduct… [to] create a substantial connection with the forum State"); FAC ¶¶ 62-74. Because Plaintiff cannot establish personal jurisdiction over Sequoia Capital, his claims against Sequoia Capital should be dismissed.

**B.**     **The FAC, Read Charitably, Fails to State a Plausible Claim Against Sequoia Capital**

Dismissal of Sequoia Capital is also warranted because the FAC does not contain sufficient facts materials or legal theories to support any of the seven claims Plaintiff has asserted as against Sequoia Capital. To withstand a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC fails to state any plausible claims against Sequoia Capital.

1.     The Named Sequoia Capital Entity Is Not (and Cannot Be) Alleged to
Have Had Any Involvement with VIPKid

Plaintiff asserts in conclusory fashion that Sequoia Capital "actively partnered" with VIPKid and that it "played an active and key role in developing VIPKid, the VIPKid Platform, and the VIPKid Scheme." FAC ¶¶ 43-45. But Plaintiff cannot allege any facts showing that the named Sequoia Capital entity had any involvement with VIPKid, or even itself invested in any

VIPKid entity.  *See* Chang Decl. ¶¶ 8-9.  Plaintiff's assertion of claims against an entity that does

not even have an outside investor relationship with VIPKid—after having had an opportunity to

gather more information and amend his Complaint—warrants dismissal with prejudice.

      2.      <u>Plaintiff Is Not Alleged to Have Had Any Interaction with Sequoia Capital</u>

     Plaintiff does not assert any direct contact with Sequoia Capital, mentioning it in just ten

paragraphs that are mostly vague (Sequoia Capital "played an active and key role in developing

VIPKid") or irrelevant (uncited quotes from various Sequoia Capital describing general business

strategies) that do not include any allegations of contact with Plaintiff.  *See* FAC ¶¶ 44, 46-48.

The only allegations Plaintiff pleads against Sequoia Capital are conclusory statements about it

being a "Mastermind Defendant[]" allegedly instrumental to the "VIPKid Scheme,"  *see id.* ¶ 25,

but no interaction with Plaintiff is alleged.

      3.      <u>None of the FAC's Seven Claims Can Apply to Sequoia Capital</u>

    None of Plaintiff's seven claims plausibly provide a basis for relief as against Sequoia

Capital.  The first two claims concern fraud: alleging common law fraud in the inducement and

common law fraud (collectively, the "Fraud Claims").  FAC ¶¶ 118-160.  The third claim alleges

common law conversion (the "Conversion Claim").  *Id.* ¶¶ 161-165.  The fourth claims alleges

unlawful deceptive acts or practices in the conduct of business under N.Y. Gen. Bus. Law

("GBL") §§ 349-50 (the "Unfair Business Practices Claim" claim).  *Id.* ¶¶ 166-172.  The fifth,

sixth, and seventh claims allege various labor violations under the Fair Labor Standard Act and

N.Y. Wage & Hour Labor Laws (the "Employment-Related Claims").  *Id.* ¶¶ 173-201.  Although

the FAC fails to delineate which claims are asserted against which Defendant(s), none of these

theories can be sustained against Sequoia Capital.

(a)    <u>Plaintiff Fails to State Fraud Claims Against Sequoia Capital</u>

"Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting fraud be stated with particularity." *Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465, 482 (E.D.N.Y. 1998) (Seybert, J.).  To maintain any fraud-based claim, a plaintiff must "'(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 186-87 (2d Cir. 2004) (citation omitted).

Plaintiff here fails to identify the Sequoia Capital statements or omissions he contends are fraudulent, instead offering broad allegations of a "VIPKid Scheme."  He barely identifies the relevant Defendants, let alone particular speakers, who he claims were involved in the so-called fraud.  *See id*; *see generally* FAC ¶¶ 118-160.  And he does not identify dates, times, content, or explanations of falsity of the (unpled) fraudulent statements.  *See id.*  The FAC does not satisfy any, let alone all, of the particularity requirements of Rule 9(b).

Further, the FAC fails to include facts supporting the other elements of claims for fraud and fraud in the inducement against Sequoia Capital.  To maintain a cause of action for fraud, Plaintiff must plead with specificity "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Levy v. Maggiore*, 48 F. Supp. 3d 428, 462 (E.D.N.Y. 2014) (citing *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006)).  A fraud in the inducement claim has the same elements and can be asserted when the misrepresentation was collateral to an induced contract.  *Id.*  Here, in addition to failing to identify specific misrepresentations or omissions of fact by Sequoia Capital, Plaintiff has failed

to allege Sequoia Capital's knowledge of falsity, intent to defraud, reliance on Sequoia Capital, or resulting damages.  *See* FAC ¶¶ 125, 126.  The Court should dismiss these claims.

(b)   <u>Plaintiff Fails to State a Conversion Claim Against Sequoia Capital</u>

To state a conversion claim, "a plaintiff must allege: '(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Alzheimer's Disease Res. Ctr., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc*., 981 F. Supp. 2d 153, 163 (E.D.N.Y. 2013) (quoting *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)).  None of these apply to Sequoia Capital.

Plaintiff does not point to a "specific, identifiable thing" that Sequoia Capital is alleged to have taken, but rather makes generic references to "personal data, especially biometric data."[5] *See Alzheimer's Disease Res. Ctr., Inc*., 981 F. Supp. 2d at 164 (granting dismissal where property at issue "cannot be distinguished as specific chattel"); *BCRS1, LLC*, 2021 WL 3667094, at *9 (granting dismissal of conversion claim where plaintiff did not specify what the electronic data encompassed); FAC ¶¶ 162-163.  Further, the FAC does not allege that Plaintiff owned, possessed, or controlled any data or anything else over which Sequoia Capital now has unauthorized dominion.  Instead, the FAC asserts something different, that Plaintiff's personal data was "merg[ed]…into audio, video, images, algorithms, computer programs, databases, reports, and other documents," *see* FAC ¶ 163, suggesting that Plaintiff believes his information

---

[5]   New York courts have questioned whether conversion claims can even apply to electronic data.  *BCRS1, LLC, v. JACOB UNGER*, 2021 WL 3667094, at *8 (E.D.N.Y. Aug. 18, 2021) ("[T]he Court of Appeals did not [answer] – and still has not – answered the broader question: whether other forms of "electronic data, computer programs, or electronic data saved in computer programs can support a claim for conversion under New York law.").

10

was *copied*, not misappropriated in its original form by Sequoia Capital or anyone else.  *See Fischkoff v. Iovance Biotherapeutics, Inc*., 339 F. Supp. 3d 408, 415 (S.D.N.Y. 2018) (holding that instances of "pure copying support[] the conclusion" that conversion requirements were not met); *Reis, Inc. v. Spring11 LLC*, 2016 WL 5390896, at *10 (S.D.N.Y. Sept. 26, 2016) (granting motion to dismiss conversion claims involving copies of electronic files and noting that "case law has not 'alter[ed] the traditional rule requiring 'the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor'").

Finally, a conversion claim as applied to Plaintiff's personal data makes little sense:  To the extent Plaintiff is trying to claim that Sequoia Capital exercises unauthorized dominion and control over Plaintiff's personal data, that is implausible; obviously, Plaintiff still has possession of his name, visage, voice, likeness, DNA, Social Security number, fingerprints, and other biometric and personal data.  The Court should dismiss the conversion claim.

 (c) <u>Plaintiff Fails to State an Unfair Business Practices Claim Against Sequoia Capital</u>

The statutes on which Plaintiff relies prohibit deceptive practices in the state of New York.  *See* N.Y. Gen. Bus. Law § 349(a) (prohibiting deceptive acts "in this state"); *id.* § 350 (same, for false advertising "in this state").  "A plaintiff is entitled to relief for a violation of GBL § 349, which prohibits deceptive business practices, if: (1) the act, practice, or advertisement was consumer-oriented; (2) the act, practice or advertisement was misleading in a material respect, and (3) the plaintiff was thereby injured."  *Rivas v. Hershey Co*., 2020 WL 4287272, at *3 (E.D.N.Y. July 27, 2020) (internal citations omitted).)  Similarly, GBL § 350 requires a plaintiff to demonstrate "that the advertisement (1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury."  *Id.*

Here, the FAC provides no factual allegations that Sequoia Capital did anything, let alone anything deceptive, in New York.  And there is no allegation that any Defendant's acts, including any Sequoia Capital acts, were consumer-oriented.  *See Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 162 (S.D.N.Y. Sept. 21, 2020) ("[T]he test is whether the acts or practices have a broader impact on consumers at large, where a consumer is one who purchases goods and services for personal, family or household use.").  Plaintiff merely alleges the conclusion that "VIPKid has engaged in unlawful and deceptive consumer-oriented acts or practices in the conduct of its business," *see* FAC ¶ 169, which is insufficient to state a claim.  *See Woods v. Maytag Co*., 2010 WL 4314313, at *15 (E.D.N.Y. Nov. 2, 2010) ("[C]onclusory allegations have been held to be insufficient to state a claim under Section 349.").  The Court should dismiss the Unfair Business Practices Claim.

(d)     Plaintiff Fails to State Employment-Related Claims Against Sequoia Capital

Only an employer, broadly defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee," can be liable under the Fair Labor Standards Act (FLSA).  *Morangelli v. Chemed Corp*., 922 F. Supp. 2d 278, 284 (E.D.N.Y. 2013) (citing 29 U.S.C. § 203(d)).  Courts have interpreted "employer" under New York Wage and Labor Laws (NYLL) coextensively with the FLSA definition, *see Teri v. Spinelli*, 980 F. Supp. 2d 366, 373 (E.D.N.Y. 2013), and often use four factors to determine who qualifies as an employer: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Coley v. Vannguard Urban*

*Improvement Ass'n, Inc*., 2018 WL 1513628 at *4 (E.D.N.Y. Mar.  27, 2018), *as amended* (Mar. 29, 2018) (citing *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2d Cir. 1984)).

None of these do or could apply to Sequoia Capital.  Plaintiff does not reference Sequoia Capital in any of his Employment-Related Claims, much less show that Sequoia Capital had the power to hire and fire Plaintiff, control his schedule or employment conditions, provide supervision, make payment determinations, or maintain any employment records.  *See Coley*, 2018 WL 1513628 at *4 ; *see also Morangelli*, 922 F. Supp. 2d at 284 (holding that an employer's indirect parent corporation was not an employer under the FLSA);  FAC ¶¶ 173-201. And the NYLL applies only to work performed within New York State, where Sequoia Capital is not located.  *See Jian Ping Lin v. Monda Window & Door Sys. Inc.*, 2018 WL 4403384 at * 4 (E.D.N.Y. Aug. 7, 2018) ("Plaintiff cannot recover under NYLL for work performed entirely in another state.").  Plaintiff's Employment-Related Claims, to the extent there was any intent to assert them against Sequoia Capital, should be dismissed.

### C.    Further Leave to Amend Would Be Futile

It is by now clear that further leave to amend will not fix the defects in the FAC and dismissal with prejudice is appropriate.  Courts have "discretion to deny leave for good reason, including futility." *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007). Here, any further amendment would be futile because Plaintiff cannot (i) demonstrate personal jurisdiction over Sequoia Capital, or (ii) plausibly allege any facts that would state a cognizable claim against Sequoia Capital.  *See generally Nastasi v. Lari*, 2017 WL 943935 (E.D.N.Y. March 9, 2017) (denying leave to amend where plaintiff pled no facts to support personal jurisdiction); *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012) (denying leave to amend because "plaintiff has not alleged a prima facie case for personal

13

jurisdiction"); *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 86 (E.D.N.Y. 2020) (denying leave to amend where court could "not envision any factual supplementation that can cure th[e complaint's] deficiency"); *Perri v. Bloomberg*, 2012 WL 3307013 at *4 (E.D.N.Y. Aug. 13, 2012) (denying leave to amend because "there is no indication from a liberal reading of the complaint that a valid claim might be stated").

## IV.  <u>CONCLUSION</u>

The Court should dismiss Plaintiff's claims against Sequoia Capital with prejudice.


DATED:    January 21, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By:/s/ *Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (NY Bar No. 2430478)
harryolivar@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
(213) 443-3000

Attorneys for Defendant
Sequoia Capital Operations, LLC